IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MICHAEL D. GIBSON**                                                                 **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 3:05cv108WHB-AGN**

**MALCOLM E. MCMILLIN, et al.**                                                      **DEFENDANTS**

## MEMORANDUM OPINION

Upon further consideration of the complaint and the records in this action, the court finds that an order was entered on February 17, 2005, requiring the plaintiff to file a completed application for leave to proceed in forma pauperis, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court, within thirty days. The plaintiff was warned that his failure to timely comply with the requirements of the order might lead to the dismissal of his case. The plaintiff failed to comply with this order.

On April 18, 2005, an order was entered directing the plaintiff to show cause why this case should not be dismissed for his failure to comply with the court's February 17, 2005 order, within fifteen days. The plaintiff was also directed to comply with the requirements of the February 17, 2005 order, within fifteen days. The plaintiff was warned that his failure to timely comply with the requirements of the order would result in this case being dismissed without further written notice to the plaintiff. The plaintiff failed to comply with this order.

The plaintiff has failed to comply with the court's orders of February 17, 2005 and April 18, 2005. The plaintiff's failure to comply with two orders of this court indicates his lack of

interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the _7th_ day of _June_, 2005.

_____
UNITED STATES DISTRICT JUDGE